## WARNER-LAMBERT COMPANY vs. EXECUQUEST CORPORATION.

Plymouth. January 9, 1998. - March 5, 1998.

Present: WILKINS, C.J., LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Practice, Civil,* Motion to dismiss. *Consumer Protection Act,* Availability of remedy, Unfair act or practice, Damages. *Deceit. Trade Secret. Privacy.*

A Superior Court judge erred in dismissing claims for deceit and violation of G. L. c. 93A, for the plaintiff's failure to have alleged damages, where a factual inquiry was required in order to determine whether the information about the plaintiff's employees, allegedly fraudulently solicited by the defendant, was proprietary information entitled to protection against misappropriation, and to determine whether, even if the plaintiff had not yet suffered damages, injunctive relief under c. 93A, to restrict the defendant's use of the information, might be appropriate. [47-50]

A Superior Court judge correctly dismissed a corporation's claim for invasion of privacy under G. L. c. 214, § 1B, where a corporation is not a "person" with standing to raise such a claim. [50-51]

CIVIL ACTION commenced in the Superior Court Department on December 10, 1996.

A motion to dismiss was considered by *Suzanne DelVecchio,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*William F. Joy, Jr.,* for the plaintiff.

*Robert E. Kelley* for the defendant.

MARSHALL, J. The plaintiff, Warner-Lambert Company (Warner-Lambert), brought an action against Execuquest Corporation for injunctive relief and damages, alleging unfair and deceptive trade practices, G. L. c. 93A, §§ 2 and 11,[1] the common law tort of deceit, and invasion of privacy, G. L. c. 214, § 1B. A Superior Court judge

---

[1]General Laws c. 93A, § 2, declares unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ." General Laws c. 93A, § 11, creates a cause of action for persons engaged in business who are injured by conduct declared unlawful in § 2.

allowed the defendant's motion to dismiss for failure to state a claim for which relief can be granted. Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974). We vacate the dismissal of the claims for unfair and deceptive trade practices and deceit, affirm the dismissal of the claim for invasion of privacy, and remand to the Superior Court for further proceedings.

1. For purposes of reviewing disposition of a motion to dismiss, "the allegations of the complaint, as well as such inferences as may be drawn therefrom in the plaintiff's favor, are to be taken as true." *Blank* v. *Chelmsford Ob/Gyn, P.C.,* 420 Mass. 404, 407 (1995). In evaluating the allowance of a motion to dismiss, we are guided by the principle that a complaint is sufficient "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nader* v. *Citron,* 372 Mass. 96, 98 (1977), quoting *Conley* v. *Gibson,* 355 U.S. 41, 45-46 (1957). It is a "relatively light burden to be carried in maintaining a complaint." *Gibbs Ford, Inc.* v. *United Truck Leasing Corp.,* 399 Mass. 8, 13 (1987). We summarize the facts alleged from this perspective.

Warner-Lambert, a Delaware corporation, regularly conducts business in Massachusetts. Execuquest is a Massachusetts corporation that provides executive employee search services. Over several days in November, 1996, Execuquest agents made numerous telephone calls to various Warner-Lambert offices throughout the United States. The Execuquest agents misrepresented themselves by using various aliases and titles, including misrepresenting themselves as employees in Warner-Lambert's corporate headquarters. The Execuquest callers requested information from the various Warner-Lambert offices, including names, addresses, telephone numbers, and positions of managerial employees and of minority and female sales representatives. Warner-Lambert employees disclosed some of this information to the callers.

On December 10, 1996, Warner-Lambert filed its complaint. On February 25, 1997, the judge granted Execuquest's motion to dismiss pursuant to rule 12 (b) (6) for failure to set forth any allegations as to damages and for lack of standing to sue for invasion of privacy under G. L. c. 214, § 1B. Warner-Lambert appealed from the judgment of dismissal, and we transferred the case to this court on our own motion.

2. The judgment of dismissal fails to make any distinction

between the grounds for dismissing the G. L. c. 93A claim and the deceit claim, resting the dismissal of both claims on the plaintiff's failure to allege damages.[2] Warner-Lambert did allege in its complaint that it "has been damaged by the release of such confidential and proprietary information and will continue to be damaged." We surmise that the judge concluded, despite Warner-Lambert's allegation in its complaint, that, even if Execuquest had fraudulently obtained such information concerning Warner-Lambert's employees, as alleged, Warner-Lambert could not prove a legally cognizable injury under either the statutory or the common law claims.

In order to succeed on the G. L. c. 93A claim, the plaintiff must prove that it suffered "loss of money or property." G. L. c. 93A, § 11. Alternatively, if it has not suffered any loss of money or property, it may obtain an injunction "if it can be shown that the aforementioned unfair method of competition, act or practice may have the effect of causing such loss of money or property." *Id.* Thus, to succeed in its request for injunctive relief, Warner-Lambert need not already have suffered loss of money or property due to Execuquest's alleged unfair and deceptive conduct. See *Advanced Sys. Consultants Ltd.* v. *Engineering Planning & Mgt., Inc.*, 899 F. Supp. 832, 833 (D. Mass. 1995) (injunction pursuant to G. L. c. 93A granted after plaintiff had "nipped the scheme in the bud," and but for plaintiff's action, "there is little doubt but that it would have suffered extensive damages"). The issue then is whether Execuquest's acquisition of employee information constituted loss of property to Warner-Lambert or may have the effect of causing loss of money or property.

As to the first of these questions, we have never decided whether a list of employees and associated information is property protectible against misappropriation. In one of our cases, which frequently has been cited as a seminal case on

---

[2]On appeal, Execuquest makes a single argument to support the judgment of dismissal on both the G. L. c. 93A and the deceit claims. Both claims require proof of damages. See *Weeks* v. *Harbor Nat'l Bank*, 388 Mass. 141, 144 n.2 (1983) (G. L. c. 93A claim); J.R. Nolan & L.J. Sartorio, Tort Law § 141 (2d ed. 1989) (identifying elements of intentional tort of deceit as "the misrepresentation of an existing material fact, made with knowledge of the falsity of the misrepresentation or with recklessness, intending that the plaintiff rely and with resulting damage from the reliance"). We will evaluate the sufficiency of the damages element common to both claims by focusing on the G. L. c. 93A claim.

trade secrets,[3] we relied on a theory that a trade secret was a property right that would be infringed by a defendant's disclosure. *Peabody* v. *Norfolk*, 98 Mass. 452, 458 (1868). We further have recognized that confidential and proprietary business information may be entitled to protection, even if such information cannot claim trade secret protection. *USM Corp.* v. *Marson Fastener Corp.*, 379 Mass. 90, 104 (1979), *S.C.*, 392 Mass. 334 (1984).[4] We have set out six factors of relevant factual inquiry to determine whether "information sought to be protected is, in fact and in law, confidential." *Jet Spray Cooler, Inc.* v. *Crampton*, 361 Mass. 835, 840 (1972), *S.C.*, 377 Mass. 159 (1979).[5] On an issue somewhat analogous to this one, we ruled that an agricultural cooperative association could protect the names and addresses of its members as a trade secret and prevent disclosure of such information to the Attorney General, because such disclosure would facilitate competitor solicitation of association members to the detriment of the association's legitimate competitive interests, the list would be difficult to duplicate from independent sources, and the list was made available to officers and employees with the understanding of its confidentiality. *Matter of a Civil Investigative Demand Addressed to Yankee Milk, Inc.*, 372 Mass. 353, 359-360 (1977).

Having in mind these precedents, we are unable to conclude as a matter of law that the information acquired by Execuquest is not proprietary business information entitled to protection. A factual inquiry is required to determine that question. The

---

[3]See, e.g., *Sandlin* v. *Johnson*, 141 F.2d 660, 661 (8th Cir. 1944); *Herold* v. *Herold China & Pottery Co.*, 257 F. 911, 913 (6th Cir. 1919); *Associated Press* v. *International News Serv.*, 245 F. 244, 247 (2d Cir. 1917), aff'd, 248 U.S. 215 (1918).

[4]In that case we stated that "[t]he law puts its imprimatur on fair dealing, good faith, and fundamental honesty. Courts condemn conduct which fails to reflect these minimum accepted moral values by penalizing such conduct whenever it occurs." *USM Corp.* v. *Marson Fastener Corp.*, 379 Mass. 90, 104 (1979), *S.C.*, 392 Mass. 334 (1984).

[5]These factors are (1) the extent to which the information is known outside of the business; (2) the extent to which it is known by employees and others involved in the business; (3) the extent of measures taken by the employer to guard the secrecy of the information; (4) the value of the information to the employer and its competitors; (5) the amount of effort or money expended by the employer in developing the information; and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others. *Jet Spray Cooler, Inc.* v. *Crampton*, 361 Mass. 835, 840 (1972), *S.C.*, 377 Mass. 159 (1979), citing Restatement of Torts § 757 comment b (1939).

judge's dismissal of Warner-Lambert's complaint was error requiring reversal and remand for further proceedings. In the event that a fact finder were to determine that the employee information is proprietary business information entitled to protection, but that Warner-Lambert had not yet suffered damages, Warner-Lambert may nonetheless seek injunctive relief pursuant to G. L. c. 93A, § 11, to restrict use of the employee information, if it can show that it may lose money incident to the use of the information. Warner-Lambert may attempt to show, for example, loss of its human resource investment in recruiting, training, and retaining its valued employees, especially those women and minorities who may have been underrepresented in professional and executive level positions. This issue also raises a matter of factual inquiry entitled to survive a motion to dismiss.

3. Warner-Lambert's claim for invasion of privacy under G. L. c. 214, § 1B,[6] was dismissed below for lack of standing. We have not had occasion to decide whether a corporation has a corporate right to privacy entitled to the protection of c. 214, § 1B. We have said that G. L. c. 214, § 1B, protects against the "disclosure of facts about an individual that are of a highly personal or intimate nature." *Bratt* v. *International Business Machs. Corp.*, 392 Mass. 508, 518 (1984). A corporation is not an "individual" with traits of a "highly personal or intimate nature." Cases from other jurisdictions unanimously deny a right of privacy to corporations. See, e.g., *United States* v. *Morton Salt Co.*, 338 U.S. 632, 652 (1950); *L. Cohen & Co.* v. *Dun & Bradstreet, Inc.*, 629 F. Supp. 1425, 1429 (D. Conn. 1986); *CNA Fin. Corp.* v. *Local 743 of Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers*, 515 F. Supp. 942, 946 (N.D. Ill. 1981); *Clinton Community Hosp. Corp.* v. *Southern Md. Medical Ctr.*, 374 F. Supp. 450, 456 (D. Md. 1974), cert. denied, 422 U.S. 1048 (1975); *Health Cent.* v. *Commissioner of Ins.*, 152 Mich App. 336, 345 (1986). Nothing in the facts and circumstances or the appellate argument[7] in this case persuades

---

[6]The statute provides in pertinent part that "[a] person shall have a right against unreasonable, substantial or serious interference with his privacy." G. L. c. 214, § 1B.

[7]For the first time at oral argument, Warner-Lambert raised a theory of representational standing by which it could assert the privacy rights of its employees. The theory is not discussed in the appellate briefs, nor was it raised with the Superior Court judge. We do not consider it here. *Com-*

us that a corporation should have a right to privacy protected by statute. We therefore affirm the judge's dismissal of this claim.

We vacate the dismissal of the G. L. c. 93A and deceit claims, affirm the dismissal of the privacy claim, and remand the case for further proceedings consistent with this opinion.

*So ordered.*

---

*monwealth* v. *Garcia,* 409 Mass. 675, 678-679 (1991), and cases cited. "The appellate court need not pass upon questions or issues not argued in the brief." Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975).