van Gestel, J.
This matter comes before the Court on a motion by the defendant, Liberty Mutual Insurance Company (“Liberty”), to dismiss the plaintiffs complaint pursuant to Mass.R.Civ.P. Rule 12(b)(3) for improper venue and Rule 12(b)(6) for lack of standing. At issue are claims by the plaintiff, Ionics, Incorporated (“Ionics”), against a payment and performance bond (the “Bond”) issued by Liberty. The facts in the Background section that follows, as they must be, are taken directly from Ionics’s complaint.

BACKGROUND

Both Ionics and Liberty are Massachusetts corporate entities.
On November 22, 1996, Raytheon Engineers & Constructors, Inc. (“Raytheon”) and the City of Tallahassee, Florida, entered into an engineering, construction, and procurement contract (the “Contract”). Raytheon was the prime contractor for the work.
On March 20, 1998, Liberty, as surety for the proper performance of the Contract by Raytheon according to the covenants and conditions contained in the Contract, duly executed the Bond. Under the conditions of the Bond, Liberty, as surety, promised that Raytheon, as principal, would perform all of the covenants and conditions of the Contract required to be performed by Raytheon, including “promptly mak[ing] payments to all claimants supplying Raytheon with labor, materials, or supplies.”
The Bond recites that “the terms and conditions of the Contract are made a part of this bond by reference...”
On September 1, 1998, Ionics, as subcontractor, and Raytheon, as contractor, agreed in writing (the “Subcontract”) for the design, furnishing all technical services, training, erection, and commissioning of a waste water treatment system for the City of Tallahassee.
The Subcontract recites that it “shall be interpreted in accordance with the substantive and procedural laws of the State of Florida.” It also provides that, “(e]xcept where proper service cannot be instituted, any action at law or judicial proceeding for the enforcement of this [Subcontract] shall be instituted only in the state or federal courts in the State of Florida.”
Ionics claims that it duly performed all of its obligations under its Subcontract with Raytheon as required, and submitted its final invoice on July 21, 2001.
Raytheon failed to properly perform the Subcontract by failing to satisfy payment on the invoices submitted by Ionics.
*509 On July 31, 2001, Ionics provided notice to Liberty of its intention to collect on the Bond. In that notice, Ionics made a claim for $485,000 and further demanded payment of that amount pursuant to the Bond. On August 7, 2001, Ionics submitted another notice to Liberty of its intention to collect on the Bond.
On December 20, 2001, Ionics filed a Proof of Claim made to induce Liberty to settle the claim on the Bond covering the contract[1] with Raytheon. At that time, the computation of the claim totaled $570,965.86, including interest accrued to date.
As a result of Liberty’s failure to pay Ionics, this suit was brought. The complaint here is in a single count by Ionics against Liberty as “surety on the Bond executed for the proper performance of an engineering, construction, and procurement contract between Raytheon and the City of Tallahassee.”

DISCUSSION

A Rule 12(b) motion admits all well-pleaded allegations of the complaint, and the Court must accept as true such inferences as may be drawn in Ionics’ favor. Blank v. Chelmsford Ob/Gyn P.C., 420 Mass. 404, 407 (1995); Natick Auto Sales, Inc. v. Department of Procurement and General Services, 47 Mass.App.Ct. 625, 630 (1999). Of course, conclusions of law from the facts alleged are open for review on a Rule 12(b) motion. The claim in the complaint here, however, is sufficient unless it shows beyond doubt that no provable set of facts would entitle Ionics to relief. Warner-Lambert Company v. Execuquest Corporation, 427 Mass. 46, 47 (1998); Harvard Law School Coalition for Civil Rights v. President & Fellows of Harvard College, 413 Mass. 66, 68 (1992). Ionics bears a “relatively light burden,” Warner-Lambert Co., supra, 427 Mass. at 47, and must be given the benefit of any doubts. Kipp v. Keuker, 7 Mass.App.Ct. 206, 210 (1979). These are “generous principles,” and the Court will apply them in the way they are intended. Connerty v. Metropolitan District Commission, 398 Mass. 140, 143 (1986).
Liberty presses two grounds in its motion to dismiss. The first relates to venue; and the second, to Ionics’ standing to sue. The Court will address the venue issue first, because if it agrees with Liberty, then it should be up to some other Court to decide the standing issue.
The Court begins by noting that while it is by no means clear in the complaint that the Subcontract in issue, attached as Exhibit B to the complaint, was a subcontract to the Contract between Raytheon and the City of Tallahassee, the latter not being an attachment to the complaint, the parties have treated it as such, and therefore the Court will as well.
Liberty points to the venue clause in the Subcontract between Ionics and Raytheon. It recites that: “Except where proper service cannot be instituted, any action at law or judicial proceeding for the enforcement of this CONTRACT shall be instituted only in the state or federal courts in the State of Florida.” Liberty then argues that the use of the word “shall” makes the forum selection clause mandatory, citing to Quinones v. Swiss Bank Corp., 509 So.2d 273, 274-75 (Fla. 1987), and General Home Dev. Corp. v. Kwirant, No. 2D01-4321, 2002 Fla.App. Lexis 9189, at *3-4 (Fla.2d Dist.App.Ct. June 28, 2002).
Liberty contends that proper service can be made upon it in the State of Florida and, therefore, the venue clause mandates that this action be brought in that jurisdiction.
Ionics argues that the venue clause appears in its Subcontract with Raytheon and relates to claims made to enforce that subcontract. Ionics then suggests that the present action is not against Raytheon to enforce the Subcontract, but rather against Liberty on the Bond. The Subcontract is not part of the Bond, nor is there any language in the Bond incorporating the terms and conditions of the Subcontract. It is the terms of the Raytheon Contract with the City of Tallahassee that are incorporated into the Bond.
Ionics points out that nowhere does the Bond pick up the Subcontract — and its venue provision — and, therefore, it says there is nothing to stand between Ionics, a Massachusetts corporation, suing Liberty, a Massachusetts corporation, in the Massachusetts Superior Court.
What Ionics overlooks, however, is the nature of the action that it brings against Liberty, the surety for Raytheon. This Court agrees with the thinking behind a decision out of the U.S. District Court for the District of Rhode Island, Arrow Plumbing and Heating, Inc. v. North American Mechanical Services Corp., 810 F.Sup. 369 (D.R.I. 1993). In Arrow, Chief Judge Lagueux, in commenting about a forum selection clause, said the following, at p. 372:
Plaintiff suggested at oral argument that even if the contractor could invoke the forum selection clause the surety cannot do so, presumably because the surety was not a party to the subcontract agreement. The Court does not agree with this reasoning. A surety generally stands in the shoes of its principal. United States ex rel. Fireman’s Fund Ins. Co. v. Frank Briscoe Co., 462 F.Sup. 114, 116 (E.D.La. 1978). It may avail itself of any defense which is available to its principal except those that are purely personal, such as bankruptcy or infancy. 72 C.J.S. Principal & Surety, Sec. 189 at 318-19 (1987). Although a surety is not a party to a subcontract, its liability under a payment bond is determined by the agreements between the principal and the subcontractor. The surety therefore should have all the benefits and suffer all the disadvantages that would accrue to the general contractor under those agreements.
Judge Lagueux did not treat the forum selection clause before him as being purely personal to the *510 principal. This Court sees no reason to treat the venue clause in issue here any differently. Consequently, despite the relatively light burden on Ionics on a motion to dismiss, this Court will order the dismissal of this case on Rule 12(b)(3) grounds. In so doing, it will take no action regarding the standing issue, also raised by Liberty, leaving that for an appropriate court in the State of Florida.

ORDER

For the foregoing reasons, the defendant’s motion to dismiss is ALLOWED solely on Rule 12(b) (3) grounds and not on the standing issue or the merits of this case. A final judgment of dismissal shall enter.

It is not readily apparent from the complaint whether the word “contract” in paragraph 15 of the complaint refers to the Contract between Raytheon and the City ofTallahassee, or to the Subcontract between Raytheon and Ionics. An examination of the Proof of Claim itself, attached as part of Exhibit G, however, clearly refers to the Subcontract.