van Gestel, J.
This matter is before the Court on the motion of the defendants to dismiss the plaintiffs amended verified complaint against them. The plaintiff, David Shaev, Profit Sharing Account f/b/o David B. Shaev (“Shaev”)[2] proceeds derivatively on behalf of the defendant FleetBoston Financial Corporation (“FleetBoston”).
*181 BACKGROUND
What is at issue is the propriety of action by FleetBoston’s Board of Directors (the “Board”) in ratifying a plan for increased retirement benefits to Terrence Murray (“Murray”), the company’s then long-serving Chief Executive Officer. In recognition for what are asserted by the Board to be Murray’s “extraordinary achievements,” the Board, in 2001, ratified an amendment to the company’s Supplemental Executive Retirement Plan (the “SERP Amendment”). As a result, Murray’s retirement benefits were increased from $2.7 million to $5.8 million worth of benefits per year. The SERP Amendment was approved just one month before Murray’s retirement.
Shaev charges essentially that the Board’s action in approving the SERP Amendment was a per se waste of corporate assets. It basically disagrees with the Board’s collective business judgment in voting for the amendment.
Shaev readily concedes that it did not demand that the Board institute this action on behalf of the company because, it says, such a demand would be futile. See Complaint, Paras. 14-15. It charges that the Board’s directors abdicated their directorial duties by failing to investigate the transaction and, in any event, had no authority to incur such an obligation without consideration. Id. Moreover, Shaev alleges that the directors could not be expected to institute litigation against themselves. Id.
The Complaint makes no allegations whatsoever that any of the directors — except inferentially, Murray — had a financial interest in the SERP Amendment or otherwise lacked independence with regard to the decision to approve the amendment.
FleetBoston was at all times material a national bank organized and incorporated under the laws of Rhode Island.[3]
While there are many things involved in Shaev’s claims, the rather simple posture described above is what controls the Court’s action in addressing the motion to dismiss.
DISCUSSION
The defendants’ motion is stated to be “pursuant to R.I. Super.R.Civ.P. 12(b)(6) and 23.1.” This Court, to the contrary, believes that it is Mass.R.Civ.P. Rule 12(b)(6) and Rule 23.1 that controls the procedural aspects of the motion, see e.g., Cosme v. Whitin Machine Works, Inc., 417 Mass. 643, 645 (1994), even though Rhode Island law may control certain aspects of the substantive law that involves internal affairs of the company. See Harrison v. NetCentric Corporation, 433 Mass. 465, 470 (2001). As a practical matter, however, the wording of the Rhode Island rule and the Massachusetts rule, in pertinent part, is essentially the same.
R.I. Rule 23.1 reads:
In a derivative action brought by one or more shareholders to enforce a right of a corporation . . . which may properly be asserted by it, the complaint shall be verified . . . The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires, from the directors or comparable authority, and the reasons for the plaintiff’s failure to obtain the action or for not making the effort
(Emphasis added.)
Mass. Rule 23.1 reads in material part:
In a derivative action brought by one or more shareholders or members to enforce a right of a corporation ... to enforce a right which properly may be asserted by it, the complaint shall be verified by oath . . . The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority, and the reasons for his failure to obtain the action or for not making the effort
(Emphasis added.)
The defendants do not agree that any demand was excused.
Rhode Island law on the demand issue is scant. Thus, the Court will focus on Harhen v. Brown, 431 Mass. 838 (2000), the SJC’s most recent exposition of the demand requirement under Massachusetts Rule 23.1. Justice Ireland explained the reasoning behind the demand requirement and the difference between a demand excused case and a demand refused case as follows:
In general, before filing a derivative action on behalf of a corporation, a plaintiff “must establish that... all available means to obtain relief through the corporation itself’ are exhausted by making a demand on the corporation’s board of directors to prosecute the litigation. The rationale behind the demand requirement is that, as a basic principle of corporate governance, the board of directors or a majority of shareholders should set the corporation’s business policy, including decisions whether to pursue a lawsuit. However, if a majority of directors are alleged to have participated in the wrongdoing, or are otherwise interested, a plaintiff may seek to have the demand on the board excused as futile. This is referred to as a “demand excused” case.
If the plaintiff chooses to make demand, the board may institute suit, take action short of litigation to resolve the issues the demanding shareholder has identified, or determine that no action is appropriate at that time. Should a board of directors, the majority of whom are disinterested, refuse the demand to pursue litigation, a plaintiff may pursue the suit only by showing that the demand was wrongly refused. This is referred to as a “demand refused” case.
*182 Id. at 844.
There are no factual allegations in the complaint revealing a demand by Shaev or a refusal of that demand. Indeed, Shaev concedes this fact. Thus, in the matter and on the record currently before the Court, whether this is, as alleged, a demand excused case will depend upon whether a majority of the directors “are alleged to have participated in the wrongdoing, or are otherwise interested.” Rule 23.1 places the burden on Shaev to allege with particularity the factors relating to the demand issues.
The “wrongdoing” here must be seen as the vote to approve the SERP Amendment.
A demand may be excused as futile if the directors are “otherwise interested.” Id. at 844. None of the voting directors, however, are shown by the complaint to have had any business or financial relationship with Murray, nor have they been shown to be a party to the FleetBoston SERP or to stand to benefit personally from the SERP Amendment at issue. Thus, unless they are subject to Murray’s controlling influence,[4] under the standards for determining interestedness set out in Demoulas v. Demoulas Supermarkets, Inc. 424 Mass. 501, 523-24 (1997), and Harhen at 842-43 and n.5, they must be considered and treated for purposes of this motion as disinterested.
Consequently, of the ALI Principles of Corporate Governance relied upon in both Demoulas and Harhen, only one of the criteria needs to be reviewed. It is Subsection (a)(4), which reads:
The director... is subject to a controlling influence by a party to the transaction or conduct or a person who has a material pecuniary interest in the transaction or conduct, and that controlling influence could reasonably be expected to affect the director’s . . . judgment with respect to the transaction or conduct in a manner adverse to the corporation.
The Court now re-examines the complaint to determine whether Shaev has, as it must under Rule 23.1, alleged “with particularity . . . the reasons for [its] failure to obtain the action or for not making the effort.”
Nothing in the complaint reveals that any proceeding has been brought by any shareholder, including particularly Shaev, challenging the status of any of these directors.
Further, the ALI Principles of Corporate Governance, inSec. 1.23(c)(2), provides that a director is not deemed “interested” with respect to a complaint naming him as a defendant if the complaint is “based only on the fact that the director approved or acquiesced in the transaction or conduct that is the subject of the action, and . . . does not otherwise allege with particularity facts that, if true, raise a significant prospect that the director would be adjudged liable to the corporation or its shareholders.”
As this Court said itself in deciding the motion to dismiss in Harhen, “a Court is ill-equipped to burst into the boardroom and make decisions as to what actions should be taken in the best interests of the company.” Harhen v. Brown, Suffolk Superior Court, Civil Action No. 97-1522-H, Memorandum and Order on Defendants’ Motion to Dismiss at p. 3. “Massachusetts has always recognized the need for courts to abstain from interfering in business judgments.” (7 Mass. L. Rptr. 598). Houle v. Low, 407 Mass. 810, 824 (1990). “Intelligent and honest men differ upon questions of business policy. It is not always best to insist upon one’s rights ...” S. Solomont & Sons Trust v. New England Theatres Operating Corp., 326 Mass. 99, 112 (1950).
The particularity of pleading required has not been met by the plaintiff to show that it sought to obtain the action it desires from the FleetBoston directors, nor are the reasons for its failure to obtain the action or for not making the effort stated with sufficient clarity. Shaev needs to provide more than its assumption that “demand is excused against the directors who are complicit in [the] waste” alleged. See Plaintiffs Memorandum in Opposition at p. 2.
For failure to comply with Mass.R.Civ.P. Rule 23.1 the complaint must be dismissed.
Next, the Court examines whether there is also a failure to state a claim and, therefore, the complaint also should be dismissed pursuant to Mass.R.Civ.P. Rule 12(b)(6).
Here, the question is whether “waste” is properly alleged. The Court finds nothing in the complaint about waste other than the allegation in the beginning of Paragraph 12 stating, “This change [the approval of the SERP Amendment] was wasteful, inappropriate and beyond the authority of the board of directors.” This is pretty thin stuff, even under notice-pleading standards.
The Court begins, however, with an observation by the Supreme Judicial Court, when discussing its own duties regarding a motion to dismiss:
The standard of review for a motion to dismiss pursuant to Rule 12(b)(6) is well settled. We take as true “ ‘the allegations of the complaint, as well as such inferences as may be drawn therefrom in the plaintiffs favor . . .’ Blank v. Chelmsford Ob/Gyn, P.C., 420 Mass. 404, 407 (1995). In evaluating the allowance of a motion to dismiss, we are guided by the principle that a complaint is sufficient ‘unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.’ Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).” Warner-Lambert Co. v. Execuquest Corp., 427 Mass. 46, 47 (1998). Although errors of law based on the facts alleged will not surmount a rule 12(b)(6) challenge, the plaintiffs burden is “relatively light.” Id., citing Gibbs Ford, Inc. v. United *183 TruckLeasing Corp., 399 Mass. 8, 13 (1987). Under the “generous principles” governing our review . . . Connerty v. Metropolitan Dist. Comm’n, 398 Mass. 140, 143 (1986), we summarize the facts alleged in the . . . complaint and in uncontested documents of record.
Marram v. Kobrick Offshore Funds, Ltd., 442 Mass. 43, 45 (2004).
This Court should do no less; and it has not. The emperor’s clothes are thin, indeed, but not quite wholly absent. On the claim of waste the defendants cannot surmount Shaev’s “relatively light burden” and show beyond doubt that it can prove no set of facts in support of its claims which would entitle it to derivative relief on behalf of FleetBoston.
ORDER
For the foregoing reasons, the motion of the defendants to dismiss the plaintiffs complaint against them, Paper #5, for failure to comply with Mass.R.Civ.P. Rule 23.1 is ALLOWED, and for failure to state a claim pursuant to Mass.R.Civ.P. Rule 12(b)(6) is DENIED.

The Court is uncertain as to whether a “Profit Sharing Account” is an entity that can sue or be sued. For the sake of the present motion, it makes no difference. However, it is for that reason that in this memorandum the Court refers to Shaev as “it” because it is the Profit Sharing Account that is said to be the plaintiff, not its beneficiary Mr. Shaev.

FleetBoston recently has been acquired by Bank of America Corporation (“BoA”). It is not necessary at this time to delve into the effect of that acquisition on this case.

Nhe complaint contains no allegations of any director being under Murray’s controlling interest.