van Gestel, Allan, J.
This matter is before the Court on the defendant Frederick V. McMenimen, Ill’s [“Mc-Menimen”] Renewed Motion to Dismiss First Amended Complaint, Paper #60. The essence of McMenimen’s motion is that all remaining claims[3] are barred by G.L.c. 175, sec. 181, which he claims to be a statute of repose.

BACKGROUND

For purposes of the present motion, the background, taken from the First Amended Complaint, is quite simple. The plaintiffs claim that McMenimen and others fraudulently induced the purchase of a Nationwide Provident Flexible Premium Variable Life Insurance Policy (the “Policy”) for the benefit of the late Samuel Pietropaolo, the insured, and his wife, Patricia D. Pietropaolo, the beneñciaiy thereof. “In July 1998, . . . McMenimen obtained Nationwide Flexible Premium Variable Life Insurance Policy No. 9,074,484 for [Samuel] Pietropaolo.” First Amended Complaint, Para. 44. The plaintiffs have made all required premium payments from July 1998 to the present. McMenimen is alleged to have been the agent of the company issuing the policy.
“The Defendants, through their agent Defendant McMenimen, represented to the Plaintiffs that the Policy was worth more than its actual value and that the Policy they received was the Policy they bargained for. In this regard, the Defendants, through Defendant McMenimen, showed the Plaintiffs misleading analyses, reports and illustrations.” First Amended Complaint, para. 83.
To the extent these allegations in the First Amended Complaint are factual in nature the plaintiffs are bound by them. G.L.c. 231, sec. 87. Caggiano v. Marchegiano, 327 Mass. 574, 581 (1951).
G.L.c. 175, sec. 181, is a statute that, in broad and encompassing language, prohibits insurance companies and their officers and agents from making statements that misrepresent the terms of any policy of insurance. It provides criminal penalties of a fine or imprisonment for those violations. For the purposes here, c. 175, sec. 181, reads, in pertinent part:
No company, no officer or agent thereof . . . shall make, issue, circulate or use ... any written or oral statement misrepresenting the terms of any policy of insurance ... or the benefits or privileges promised thereunder . . .
The insured under any policy of life . . . insurance . . . who was induced to procure it by any action in violation of this section by an officer or agent of the company issuing ... it may recover from such company all premiums paid on such policy ... in an action brought within two years after the date of issue thereof
(Emphasis added).

DISCUSSION

This matter is before the Court, pursuant to Mass.R.Civ.P. Rule 12(b)(6), on the motion of McMenimen to dismiss all remaining counts against him in the first amended complaint. When discussing its own duties regarding a motion to dismiss, the Supreme Judicial Court reminded this Court that:
The standard of review for a motion to dismiss pursuant to Rule 12(b)(6) is well settled. We take as true “ ‘the allegations of the complaint, as well as such inferences as may be drawn therefrom in the plaintiffs favor . . .’ Blank v. Chelmsford Ob/Gyn, P.C., 420 Mass. 404, 407 (1995). In evaluating the allowance of a motion to dismiss, we are guided by the principle that a complaint is sufficient ‘unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.’ Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).” Warner-Lambert Co. v. Execuquest Corp., 427 Mass. 46, 47 (1998). Although errors of law based on the facts alleged will not surmount a rule 12(b)(6) challenge, the plaintiffs burden is “relatively light.” Id., citing Gibbs Ford, Inc. v. United TruckLeasing Corp., 399 Mass. 8, 13 (1987). Under the “generous principles” governing our review Connerty v. Metropolitan Dist. Comm’n, 398 Mass. 140, 143 (1986), we summarize the facts alleged in the . . . complaint and in uncontested documents of record.
Marram v. Kobrick Offshore Funds, Ltd., 442 Mass. 43, 45 (2004).
This Court should do no less, and it has not.
The first issue before the Court is the question of whether c. 175, sec. 181, is a statute of repose or a statute of limitations. It may make a difference because, since the complaint was not filed until about six years after the Policy issued, the claims provided for in sec. 181 will be barred if it is a statute of repose, but if it is a statute of limitations the plaintiffs will have an opportunity to argue that it was tolled by McMenimen’s actions.
There is no Supreme Judicial Court or Massachusetts Appeals Court case determining or even addressing whether sec. 181 is either a statute of repose or a statute of limitations. Nor has the Court’s attention been drawn to any pertinent Legislative history, or any definitional explication in the statute itself. Thus, the Court must give the words used in sec. 181 their usual and accepted meanings, as long as those meanings are consistent with the statutoiy purpose. Commonwealth v. Morasse, 446 Mass. 113, 116 (2006).
Fortunately, the Court is not left adrift without a paddle. Just a few days more than three months ago, the Supreme Judicial Court had occasion in two back-to-back cases to discuss statutes of repose, albeit in a somewhat different statutoiy context.[4] See Joslyn v. *595 Chang, 445 Mass. 344 (2005), and Rudenauer v. Zafiropoulos, 445 Mass. 353 (2005).
The effect of a statute of repose is to place an absolute limit on the liability of those within its protection and to abolish a plaintiffs cause of action thereafter, even if the plaintiffs injury does not occur, or is not discovered, until after the statute’s time has expired. McGuinness v. Cotter, 412 Mass. 617, 622 (1992). Statutes of repose are to be contrasted with statutes of limitations, which commence at the time a cause of action accrues, typically when damages are sustained or discovered. See Franklin v. Albert, 381 Mass. 611 (1980).
Joslyn, supra 445 Mass. at 347. See also Rudenauer, supra 445 Mass. at 358.
Enforcement of the statute of repose as a rigid prohibition of action is consistent with our cases, which are clear that statutes of repose are not subject to any form of equitable tolling, Protective Life Ins. Co. v. Sullivan, 425 Mass. 615, 631 n. 19 (1997), except as specifically provided by the statute. In the case of Tindol v. Boston Housing Auth., supra, [396 Mass.] at 517-18, we concluded that a tolling provision for minors contained in G.L.c. 260, sec. 7, did not modify the similar repose provisions of sec. 2B. We also held that the defendants could not be added to an ongoing lawsuit after the term of the statute of repose had expired. Id. at 519. Likewise, we held in Sullivan v. Iantosca 409 Mass. 479, 798 & n.3 (1991), that the fraudulent concealment provision of G.L.c. 260, sec. 12, did not toll sec. 2B where the alleged acts of fraudulent concealment were the same acts that gave rise to the underlying claim.
Joslyn, supra 445 Mass. at 350-51. See also Rudenauer, supra 445 Mass. at 357-58.
Application of a statute of repose can seem harsh. It “may impose great hardship on a plaintiff who has suffered an injury and has a meritorious claim, ” but does not suffer or discover it during the repose period. Klein v. Catalano, supra [386 Mass.] at 713. See Harlfinger v. Martin, supra, [435 Mass.] at 46-47. However, a statute of repose also secures for some a certainty “that the slate has been wiped clean of ancient obligations” and the need to resist claims based on them. Klein v. Catalano, supra at 709.
Rudenauer, supra 445 Mass. at 358.
A statute of limitations is a procedural measure which “normally governs the time within which legal proceedings must be commenced after the cause of action accrues” (emphasis added). Klein, supra [386 Mass.] at 702. Accordingly, the limitations period in a statute of limitations generally does not begin to run until the date of the plaintiffs injury or the date that the injury should have been discovered. Id. at 708. A statute of repose, on the other hand, “completely eliminates a cause of action” after the time period established has run without regard to the concept of accrual or of discovery. Id. at 702. The period in a statute of repose begins to run from some “definitely established event,” such as the date on which the act or omission which forms the basis of the cause of action occurs.
McGuinness, supra 412 Mass. at 621-22.
The parties have cited to this Court a number of decisions in which G.L.c. 175, sec. 181, has been involved in which the judges writing have spoken of the statute as a statute of limitations. A reading of each of those cases, however, will reveal that in none of them has an argument been made that sec. 181 is a statute of repose, nor has that legal fact mattered for the decision then at hand. See, e.g., Grande v. PFL Life Insurance Co., 2000 Mass.App.Div. 261 (2000); Slingsby v. Metropolitan Insurance Company, 2001 Mass.App.Div. 49 (2001); Wilson Farms, Inc. v. Berkshire life Insurance Company, 15 Mass. L. Rptr. 423 (Mass.Super. 2002); and Loguidice v. Metropolitan Life Insurance Company, U.S.D.C No. 97-10060 (Oct. 11, 2002), aff'd 336 F.3d 1 (1st Cir. 2003).
With significant respect to my colleagues, in this case of apparent first impression, this Court concludes and rules that G.L.c. 175, sec. 181, contains a statute of repose that is entirely consistent with the Supreme Judicial Court’s recent decisions in Joslyn, 445 Mass. 344, and Rudenauer, 445 Mass. 353. Sec. 181 is not a statute of limitations.
This determination, however, is not the end of the matter on McMenimen’s motion to dismiss all of the claims against him.
First, although not argued or briefed by any of the parties, this Court is far from convinced that McMenimen is a beneficiary of the sec. 181 repose period. Recall the language: the “insured ... may recover from such company all premiums paid on such policy.” (Emphasis added.) McMenimen is not “such company.” He is only the company’s agent who, by sec. 181, may bind the company. The plain language gives McMenimen, the agent, no special period of repose. It is not a “special provision otherwise made,” that makes other statutes of limitations on claims against him not applicable. See G.L.c. 260, sec. 19.
Second, the relief — aside from the criminal penalties — provided by sec. 181, again in plain language, only enables the insured to “recover from such company all premiums paid on such policy.” This seems to say that the plaintiffs here may be limited in their claims against Nationwide Provident to a return of the premiums paid. The section contains no language, however, protecting Nationwide Provident’s agent, Mc-Menimen, from whatever damages may be shown to have occurred from his actions. If such latter protec *596 tion was intended, it is for the Legislature to supply, not this Court.
Applying an analysis similar to that in Grande, supra, 2000 Mass.App.Div. at 262, this Court has examined the gravamen of the claims against McMenimen in the First Amended Complaint. They include the following: Count I for “negligence" in representing that the Policy was worth more than its actual value; Count II for “fraud, deceit and misrepresentation” in representing that the Policy was worth more than its actual value; Count III for “negligent misrepresentation” in representing that the Policy was worth more than its actual value; Count IV for “breach of fiduciary duty” in representing that the Policy was worth more than its actual value; Count V for “intentional infliction of emotional distress” in representing that the Policy was worth more than its actual value; Count VI for “negligent infliction of emotional distress” in representing that the Policy was worth more than its actual value; Count VII for “unsuitability and violations of Massachusetts and Federal securities law” relating to investments made under the Policy; Count VIII for “churning” relating to advice to Pietropaolo regarding canceling policies and using the proceeds to purchase the Policy; Count IX for “breach of contract” to purchase the Policy worth more than its actual value; and Count X for violation of G.L.c. 93A and 176D.
The gravamen of Counts I, II, III, IV, V, VI, IX and X fall within G.L.c. 175, sec. 181. As to these counts, this Court must face the issue, raised above, whether sec. 181 applies to anyone other than Nationwide Provident. As the SJC observed in Rudenauer, supra, 445 Mass. at 358, the application of a statute of repose can have harsh results and impose great hardship on injured parties. This Court does not believe that it should expand the reach of a statute of repose beyond that set forth in the clear language of the Legislature.
Sec. 181 includes, in its first paragraph, language stating that acts of an insurance company’s agent are included within its prohibitions, and seemingly subject such an agent to the criminal penalties at the end of that paragraph. The reach is far less clear in the third paragraph containing the statute of repose. In the third paragraph the focus is on recovery “from such company.” This paragraph does not say “from such company, its officers or its agent,” nor does it use the phrase “whoever violates any provision of this section,” as it does at the end of the first paragraph, to clearly allow recovery “from whoever violates any provision of this section.” This Court should not add language to a statute that the Legislature, for whatever reason, intentionally or otherwise, did not include therein. Thus, this Court rules that the repose portion of sec. 181 does not reach beyond claims against the policy-issuing company. In short, it does not shelter McMenimen.
Finally, the Massachusetts securities law claims[5] in Count VII do not fall within those parts of sec. 181 dealing with “written or oral statement misrepresenting the terms of any policy of insurance ... or the benefits or privileges promised thereunder.” Thus, even if sec. 181 could be stretched to protect anyone other than the company, this latter count would not be included.

ORDER

For the foregoing reasons, the defendant Frederick V. McMenimen, Ill’s Renewed Motion to Dismiss First Amended Complaint, Paper #60, is DENIED.

 Nhis case was originally filed in Middlesex Superior Court on July 1,2004. Thereafter, it was removed to the U.S. District Court in Boston because two of the counts involved claims under the Securities Exchange Act of 1934 and SEC Rule 10b-5. On August 3, 2005, the District Court dismissed the Federal counts and remanded the case to the Superior Court. On January 4, 2006, this Court allowed the transfer of the case from Middlesex to the Business Litigation Session. Nothing in the Federal Court’s decision, other than the remand of the case, has any significant effect on what remains to be litigated.

 The statute, in each case, was G.L.c. 260, sec. 4.

 The Amended Judgment from the Federal Court, dated October 20, 2005, specifically indicated that that Court did not address possible violations of G.L.c. 110A when dismissing Count VII.