*William M. Shattuck* for the defendant.
*Louis Kerlinsky*, for the plaintiffs, submitted a brief.

E. W. FOSTER CO., INC., intervener, *vs.* ROBERT F. MCLAUGHLIN & others. February 21, 1979. The plaintiff intervener has appealed from a judgment entered for the Worcester County National Bank, the original plaintiff in this action. During the course of a master's hearing, the original plaintiff and the defendants settled their claims and the parties, other than the plaintiff intervener, signed an agreement for judgment. The master's report made no findings and stated that "the case was reported settled. . . ." The bank moved for entry of judgment, claiming that the intervener had assigned to the bank all rights in the contracts which were the subject of the present action. The motion was allowed, and judgment was entered for the bank in the sum of $129,689.57.

There was no adjudication of the intervener's claim, of the counterclaim against the intervener, or of the cross claims of the defendants. As there was no determination or direction as is required by Mass.R. Civ.P. 54(b), 365 Mass. 821 (1974), when there is an adjudication of the claims of fewer than all the parties, no judgment has yet been entered from which an appeal can be taken. *New England Canteen Serv., Inc.*

v. *Ashley*, 372 Mass. 671, 677-678 (1977). *Caldwell* v. *Collier*, 5 Mass. App. Ct. 903 (1977). *Freedman* v. *Schneider, ante* 852 (1979). See *Rollins Environmental Servs., Inc.* v. *Superior Court*, 368 Mass. 174, 176 n.3 (1975).

Since there must be further proceedings in the Superior Court, we note that it is not clear from the record whether the court made determinations that the plaintiff intervener has failed to assert a claim of fraud and that the bank has the right to settle all other claims raised by the plaintiff intervener against the defendants in this action. The intervener has equal standing with the original parties (*Rafferty* v. *Sancta Maria Hosp.*, 5 Mass. App. Ct. 624, 628 [1977]; 7A Wright & Miller, Federal Practice and Procedure § 1920 [1972]), and, in the absence of such determinations, its claims against the defendants cannot be settled without its consent. *Wheeler* v. *American Home Prod. Corp. (Boyle-Midway Div.)*, 563 F.2d 1233, 1237 (5th Cir. 1977). *Raylite Electric Corp.* v. *Noma Elec. Corp.*, 170 F.2d 914, 915 (2d Cir. 1948), overruled on other grounds, *Chappell & Co.* v. *Frankel*, 367 F.2d 197, 200 (2d Cir. 1966). See also 3B Moore's Federal Practice pars. 24.16 [4] and 24.16 [6] (2d ed. 1978).

*Appeal dismissed.*

*Jack R. Pirozzolo* for the intervener.
*T. Philip Leader* for Worcester County National Bank.