GIBBS FORD, INC. *vs.* UNITED TRUCK LEASING CORPORATION
& others.[1]

Suffolk. October 9, 1986. — January 8, 1987.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Practice, Civil,* Interlocutory appeal, Appeal, Dismissal, Judgment.

Where a judge, in allowing a motion to dismiss as to some, but not all, counts
of the complaint in a civil action, did not make an express determination
that there was no just reason for delay and give an express direction for
entry of judgment pursuant to Mass. R. Civ. P. 54 (b), his order of
dismissal remained interlocutory in nature and was subject to review
and modification by a single justice of the Appeals Court under G. L.
c. 231, § 118, first par. [11-12]

A single justice of the Appeals Court properly reinstated two counts of the
complaint in a civil action following dismissal of those counts by a judge
of the Superior Court. [12-13]

CIVIL ACTION commenced in the Superior Court Department
on November 19, 1985.

Motions to dismiss were heard by *Herbert Abrams,* J.

A proceeding for review by a single justice of the Appeals
Court was heard by *Rudolph Kass,* J., and questions of law
were reported by him. The Supreme Judicial Court on its own
initiative transferred the case from the Appeals Court.

*Harold Meizler* (*Saul L. Benowitz* with him) for the defend-
ant.

*Fred A. Kelly, Jr.* (*Duncan S. Payne* with him) for the
plaintiff.

ABRAMS, J. We transferred the case to this court on our own
motion to decide three questions posed by a single justice of
the Appeals Court. The main question is whether "a single

[1] Robert S. Abrams; John W. Bevins; United Liquors, Ltd.; Somerville
Lumber & Supply Co., Inc.; West End & Hub Spring Company; J & J
Corrugated Box Corp.; Paul's Distributors, Inc.

justice of an appellate court [may] modify an order of a trial judge dismissing a count or counts in a complaint, but not the entire complaint?"[2] We conclude that where, as here, the trial judge does not make an express determination that there is no reason for delay and an express order for entry of judgment, see Mass. R. Civ. P. 54 (b), a trial judge's order dismissing some but not all counts in a complaint is interlocutory in nature, and therefore the single justice has authority to review the order and modify it pursuant to G. L. c. 231, § 118, first par.[3]

The plaintiff, Gibbs Ford, Inc., filed this action alleging breach of contract, fraud, breach of the implied covenant of good faith and fair dealing, violations of G. L. c. 93A, §§ 2 and 11, as well as one count alleging that two officers of the defendant corporation violated G. L. c. 93A, §§ 2 and 11. The plaintiff also asked for prejudgment security from the defendant's customers through a "reach and apply"[4] action for debts owed to the defendant by its customers.[5]

---

[2] The other questions framed by the single justice are: 1. "Did the trial judge err in dismissing Count VI of the complaint?" 2. "Did the trial judge err in dismissing Count VII of the complaint?"

[3] The first paragraph of G. L. c. 231, § 118 (1984 ed.), provides: "A party aggrieved by an interlocutory order of a trial court justice in the superior court department, the housing court department or the probate and family court department may file, within thirty days of the entry of such order, a petition in the appropriate appellate court seeking relief from such order. A single justice of the appellate court may, in his discretion, grant the same relief as an appellate court is authorized to grant pending an appeal under section one hundred and seventeen."

General Laws c. 231, § 117 (1984 ed.), provides that the appellate court may "by an order, on terms or otherwise, suspend the execution or operation of the final judgment appealed from, pending the appeal, and may modify or annul any order . . . ."

[4] See G. L. c. 214, § 3(6) (1984 ed.).

[5] The defendant filed an answer to the complaint, as well as counterclaims alleging breach of contract, fraud, quantum meruit, abuse of process, interference with contractual relations, defamation, and violations of c. 93A. The defendant's officers filed nearly identical abuse of process and defamation counterclaims against the plaintiff.

In response, the defendants filed motions pursuant to Mass. R. Civ. P. 12 (b) (1) and (6), 365 Mass. 754 (1974), and a judge of the Superior Court dismissed two counts[6] of the complaint. Pursuant to G. L. c. 231, § 118, first par., the plaintiff petitioned a single justice of the Appeals Court for relief from the dismissal. On January 30, 1986, the single justice vacated the order dismissing the two counts of the complaint. But, on March 20, 1986, the single justice amended his order nunc pro tunc, and reported three questions to a full panel.[7] See *supra* at 8-9 & n.2.

Under G. L. c. 231, § 118, first par., the single justice "enjoys broad discretion to . . . 'modify, annul or suspend the execution of the interlocutory order' . . . ."[8] *Packaging Indus. Group, Inc.* v. *Cheney,* 380 Mass. 609, 614 (1980), quoting *Rollins Envtl. Servs., Inc.* v. *Superior Court,* 368 Mass. 174, 181 (1975). See *Edwin R. Sage Co.* v. *Foley,* 12 Mass. App. Ct. 20 (1981). But, if a final judgment has been entered pursuant to Mass. R. Civ. P. 54, 365 Mass. 821 (1974), relief under the first paragraph of G. L. c. 231, § 118, is not available.

---

[6] The judge dismissed the count alleging that the officers violated G. L. c. 93A. The judge also dismissed the reach and apply action.

[7] Prior to the single justice's decision to report the case, the defendant had filed a notice of appeal from the order of the single justice reinstating the two counts of the complaint.

[8] A petition for relief provided by G. L. c. 231, § 118, first par., must be brought before the single justice, not the full court. In contrast, G. L. c. 231, § 118, second par., refers to an "appeal" which lies properly in the Appeals Court or in this court. *Packaging Indus. Group, Inc.* v. *Cheney,* 380 Mass. 609, 613 & n.8 (1980). If the single justice denies a petition for relief under the first paragraph of § 118 or does not report the request for relief to the full court, "the decision of the single justice cannot itself be appealed on an interlocutory basis." *Packaging Indus. Group, Inc., supra* at 614. *Rollins Envtl. Servs., Inc.* v. *Superior Court,* 368 Mass. 174, 181 (1975).

In the absence of a report by the judge, the general rule is that "a litigant cannot obtain appellate review by the full court of an interlocutory order which was not reported to us by the judge who entered it . . . ." *Cappadona* v. *Riverside 400 Function Room, Inc.,* 372 Mass. 167, 168 (1977). *National Ass'n of Gov't Employees, Inc.* v. *Central Broadcasting Corp.,* 379 Mass. 220, 222 n.2 (1979), cert. denied, 446 U.S. 935 (1980). *Foreign Auto Import, Inc.* v. *Renault Northeast, Inc.,* 367 Mass. 464 (1975).

Instead, the appropriate method to obtain review is through an appeal to the full court. See Mass. R. A. P. 4, as amended, 395 Mass. 1110 (1985). Therefore, the question is whether the trial judge's dismissal of two counts of the complaint pursuant to Mass. R. Civ. P. 12 (b) (6) constitutes a "final judgment" as used in Mass. R. Civ. P. 54 (b).[9]

One purpose of the requirements of rule 54 (b) is to inform the parties of the time at which they may seek appellate review. In furtherance of this purpose, rule 54 (b) requires that the judge make an express determination that there is no reason for delay. The judge's order for entry of judgment also must "appear on the record . . . ." *New England Canteen Serv., Inc.* v. *Ashley,* 372 Mass. 671, 677-678 (1977). See *Appleton* v. *Hudson,* 397 Mass. 812, 813 n.3 (1986). Without the judge's determination and order on the record, no judgment may be entered and no appeal may be taken. *Foster* v. *McLaughlin,* 7 Mass. App. Ct. 865 (1979). *Caldwell* v. *Collier,* 5 Mass. App. Ct. 903 (1977). "Absent a certificate conforming to the requirements of rule 54(b), [the] judgment [is] not a final judgment, but merely an order, interlocutory in nature, 'subject to revision at any time by the trial court prior to the entry of a judgment disposing of all claims against all the parties to the action.' " *Bragdon* v. *Bradford O. Emerson, Inc.,* 19 Mass. App. Ct. 420, 422-423 (1985), quoting *Acme Eng'g & Mfg. Corp.* v. *Airadyne Co.,* 9 Mass. App. Ct. 762, 764 (1980).

The trial judge here did not make the determination that there was no reason to delay entry of a final judgment, as

[9] Massachusetts Rule of Civil Procedure 54 (b) provides: "Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

explicitly required by rule 54 (b). Moreover, he made no order for final judgment. Consequently, one has not been entered. Without the entry of a final judgment, rule 54 (b) explicitly states that "any order or other form of decision . . . shall not terminate the action as to any of the claims or parties, and the order . . . is subject to revision at any time . . . ." Because rule 54 (b) was not followed, the order of dismissal is interlocutory in nature and properly reviewable by the single justice acting pursuant to G. L. c. 231, § 118, first par. See *Ashley, supra; Bragdon, supra* at 423; *Foster, supra* at 865; *Caldwell, supra;* J.W. Smith & H.B. Zobel, Rules Practice § 54.6 (1977 & 1986 Supp.). Cf. *Borman* v. *Borman,* 378 Mass. 775, 781 (1979).[10]

We turn to the two remaining questions, see *supra* note 2, to examine whether the single justice properly modified the order of dismissal. We conclude that the single justice correctly modified the order by ordering the reinstatement of the two counts of the complaint. In determining the question whether dismissal pursuant to rule 12 (b) (6) was proper here, "we

---

[10] In support of the contention that the order of dismissal is a final judgment, and not simply an interlocutory order, the defendant cites *Borman* v. *Borman,* 378 Mass. 775, 781 (1979). In *Borman,* the court looked to the doctrine which permits appeal of certain orders even though a portion of the controversy remains unresolved. "[I]f the decree is to be executed presently, so that appeal would be futile unless the decree could be vacated by the prompt entry of an appeal in the full court, the decree is a final one." *Borman, supra* at 779-780, quoting *Vincent* v. *Plecker,* 319 Mass. 560, 564 n.2 (1946). The court concluded that the disqualification order of two attorneys was final because such an order is conclusive of the appeal. *Borman, supra* at 780. *DiLuzio* v. *United Elec., Radio & Mach. Workers, Local 274,* 391 Mass. 211, 214 (1984). This doctrine does not apply to the trial judge's order of dismissal here. As the defense counsel admitted in oral argument, this order of dismissal could be reviewed by the trial court by entry of a new order. If the defendant seeks to challenge these counts later in the litigation, a motion for summary judgment is available. Piecemeal appellate review of interlocutory orders is impermissible. *Cappadona* v. *Riverside 400 Function Room, Inc.,* 372 Mass. 167, 168 (1977).

The defendant also cites *Scola* v. *Director of the Div. of Employment Sec.,* 326 Mass. 180 (1950); *Vincent, supra; Summers* v. *Boston Safe Deposit & Trust Co.,* 301 Mass. 167 (1938). These cases were decided before Massachusetts adopted the rules of civil procedure and before the 1973 amendment to G. L. c. 231, § 118, and, therefore, they are inapplicable.

follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nader v. Citron,* 372 Mass. 96, 98 (1977), quoting *Conley* v. *Gibson,* 355 U.S. 41, 45-46 (1957). Doubt as to whether a particular claim is provable is not a proper basis to dismiss a plaintiff's complaint under rule 12 (b) (6). *Wrightson v. Spaulding,* 20 Mass. App. Ct. 70, 72 (1985). As the single justice noted, "the motion judge confused summary judgment procedure or a determination on the merits with the relatively light burden to be carried in maintaining a complaint." We conclude that the single justice's action in vacating the trial judge's order of dismissal was proper. Thus, we remand this case to the Superior Court for further proceedings consistent with this opinion and with the order of the single justice.

*So ordered.*