Dolan, j.
This is an action in which plaintiff seeks to recover from defendants, James F. Kelley (hereafter “James”) and Joan T. Kelley (hereafter “Joan”), the amount agreed upon as a liquidated damages deposit in an agreement for the purchase and sale of real estate.
In May, 1986, plaintiff and defendants entered into an agreement for the purchase and sale of real estate owned by plaintiff. The agreed liquidated damages deposit was $6,900.00, of which $1,000.00 was paid and was held by a real estate broker. On May 28,1986, defendants issued a check for the balance of the deposit, but subsequently stopped payment on that check. Pursuant to a mortgage contingency clause in the agreement, on June 20,1986 defendants gave notice that they would not purchase the real estate because of their inability to obtain financing.
Plaintiff filed her complaint on September 15, 1986, alleging that the agreement had been breached by defendants, and obtained service on both defendants on September 16,1986. Defendant Joan filed a timely answer to the complaint, but defendant James did not. On November 4,1986, judgment was entered against defendant James and damages were assessed. On December 12, 1986, defendant James filed a motion to vacate the default judgment and answer late. That motion was denied on December 30,1986, and is the subject of this appeal.
At some time in the proceedings, defendant Joan filed a cross-claim against defendant James which cross-claim has been answered by defendant James. Plaintiffs claim against Joan and defendant Joan’s cross-claim against defendant James are still pending.
Dist./Mun. Cts. R. Civ. P., Rule 54(b) is explicit as to the entering of judgment in matters involving multiple parties and multiple claims. Any form of decision which adjudicates the claims of fewer than all the parties “shall not terminate the action as to any of the claims or parties”. In the absence of an express determination that there is no reason to delay (appropriately made with findings supporting that determination) and an express direction that judgment be entered, when there is an adjudication of the claims of fewer than all the parties, no judgment has yet been entered from which an appeal can be *212 taken. Bragdon v. Bradford O. Emerson, Inc., 19 Mass. App. Ct. 420, 422 (1985); E. W. Foster Co., Inc. v. McLaughlin, 7 Mass. App. Ct. 865 (1979); Quint v. Moffie, 1987 Mass. App. Div. 133, 134. The decision in this case is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Dist./Mun. Cts. R. Civ. P., Rule 54 (b).
The report in this case omits the requisite certification by the trial court. As the defendant’s appeal to the division is premature, the case is remanded for proceedings consistent with this opinion.

So ordered.