Hines, J.
Plaintiffs de La Fontaine Warehouse, Inc. and de La Fontaine Industries, Inc. (collectively, “Fontaine”) have brought this action to collect money owed for goods sold and allegedly delivered to the defendants Northeastern Door, Inc. (“Northeastern”), Noreastco Door & Millwork, Inc. (“Noreastco”), Apex Millwork Co., Inc. (“Apex”), Lang Door & Millwork Co., Inc. (“Lang Door”) and Lang Enterprises, Inc. (“Lang Enterprises”) (collectively, the “Defendant Corporations”), and Stephen G. Lang (“Lang”), as director and shareholder of the Defendant Corporations. Fontaine charges each defendant with breach of contract (Count I), quantum meruit (Count II), and breach of G.L.c. 93A (Count III). On September 24, 2004, Lang moved to dismiss the complaint as it applies to him in his individual capacity, pursuant to Mass.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Specifically, Lang contends that Fontaine fails to allege circumstances which would justify piercing the corporate veil. For the following reasons, the defendant Stephen C. Lang’s Motion to Dismiss is ALLOWED.

BACKGROUND

On July 31, 2003, Lang purchased from Howard Grosser “Grosser”) Northeastern, Noreastco, and Apex. The Asset Purchase Agreement (“Agreement”) that executed this sale warranted that the three companies were all “corporations duly organized, validly existing and in good standing under the laws of The Commonwealth of Massachusetts and they have all of the necessary corporate powers and authorify to carry on their Business as now conducted and to own or lease and operate their properties.” Additionally, the Agreement required that prior to the closing on July 31,2003, Lang “form a corporation which shall be duly organized, validly existing and in good standing under the laws of The Commonwealth of Massachusetts and will have all necessary corporate power and authorify to cany on the Business as now conducted by Sellers and to own or lease and operate its properties,” and deliver the Articles of Organization to Grosser. Accordingly, on July 23, 2003, Lang formed the corporation Lang Door & Millwork Co., Inc. (“Lang Door”), which would serve as the parent and holding company of Northeastern, Noreastco, and Apex, and delivered the Articles of Organization to Grosser. Thus, the sale that formally took place on July 31, 2003 was between Grosser and Lang Door, not Lang individually. Lang then assumed the role of director and president of Lang Door.
For purposes of a motion to dismiss under Rule 12(b)(6), this Court accepts as true the following factual allegations in Fontaine’s complaint. Fontaine manufactures and sells doors and related goods. In 2004, Lang, on behalf of Northeastern, purchased from Fontaine merchandise in the amount of $90,191.25. Since the goods were received, Fontaine has received only one payment in the amount of $984.44, leaving a balance of $89,206.81, plus interest. The payment was signed by Lang, but drawn on another Defendant Corporation’s account to pay the balance owed to Northeastern.
On August 4, 2004, Fontaine filed this action against the Defendant Corporations and Lang individually. Also on this date, Fontaine filed a Motion for Trustee Process against Lang, which this Court (Hines, J.) granted.

DISCUSSION

I. Standard of Review
In deciding a motion brought pursuant to Rule 12(b)(6), the court must accept as true the complaint’s well-pleaded factual allegations and any reasonable inferences in the plaintiffs favor that may be drawn from those allegations. Fairneny v. Savogran Co., 422 Mass. 469, 470 (1996). A “complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). This Court can look only to the complaint in deciding the Rule 12(b)(6) motion; this Court cannot consider any other materials the parties submit with their motions without turning the motion to dismiss into a Rule 56 motion for summary judgment. Mass.R-Civ.P. 12(b); Gibbs Ford, Inc. v. United Truck Leasing, 399 Mass. 8, 13 (1987).
In Massachusetts, corporations generally are considered legal entities separate and distinct from their shareholders. Hoffman v. Optima Sys., Inc., 683 F.Sup. 865, 870 (D.Mass. 1988). The corporate form may be disregarded, however, in cases of fraud or injustice. Id. The Supreme Judicial Court set forth the standard for “piercing the corporate veil” in My Bread Baking Co. v. Cumberland Farms, Inc. 353 Mass. 614, 619-20 (1968). In My Bread Baking Co., the court made clear that a party seeking to have a court pierce the corporate *700 veil must demonstrate: 1) facts tending to show that the representatives of one corporation had “pervasive control” over the activities of another corporation or that there was a “confused intermingling of activity of two or more corporations engaged in a common enterprise with substantial disregard of the separate nature of the corporate entities”; and 2) that piercing the corporate veil is necessary to defeat fraud or wrong or to prevent gross inequity. Hoffman, 683 F.Sup. at 871, citing NCR Credit Corp. v. Underground Camera, Inc., 581 F.Sup. 609, 612 (D.Mass. 1984); My Bread Baking Co., 353 Mass. at 619-20. “Only in those rare situations in which these two conditions exist may a court properly invoke the equitable doctrine of corporate disregard.” NCR Credit Corporation, 581 F.Sup. at 612.
II. Piercing the Corporate Veil
Fontaine fails to plead with sufficient specificity a justification to disregard the corporate entities of the Defendant Corporations and pierce the corporate veil to hold Lang personally liable as a defendant in this case. Fontaine alleges facts in its brief which might suggest either “pervasive control” or a “confused intermingling” between the activities of Northeastern and at least one of the other Defendant Corporations, specifically, that one corporation drew a check to Fontaine on behalf of another corporate account. However, Fontaine fails to demonstrate the second condition of the corporate disregard doctrine: that the Defendant Corporations were created to perpetrate a fraud or that piercing the corporate veil is necessary to prevent gross inequity. See My Bread Baking Co., 353 Mass. at 620. As the court in Omni-Wave Elecs. Corp. v. Marshall Indus. stated, “[I]t does not matter that all allegations of the complaint are presumptively true for purposes of a motion to dismiss; legal conclusions or conclusory allegations do not benefit from this presumption of truthfulness.” 127 F.R.D. 644, 648 (D.Mass. 1989). Furthermore, Fontaine has set forth no facts for purposes of Rule 12(b)(6) indicating that it would be unduly prejudiced if the Court refused to disregard the corporate form or if damages came entirely from the Defendant Corporations. See NCR Credit Corp., 581 F.Sup. at 612-13. This Court, therefore, dismisses without prejudice Counts I through III with respect to the defendant Stephen C. Lang.

ORDER

For the foregoing reasons, the defendant Stephen C. Lang’s motion to dismiss pursuant to Rule 12(b)(6) is ALLOWED without prejudice to plaintiffs right to request leave of Court to file an Amended Complaint.