SCOTT ROBERTS *vs.* ENTERPRISE RENT-A-CAR COMPANY OF
BOSTON, INC.

Suffolk. September 7, 2005. - January 17, 2006.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Consumer Protection Act,* Insurance, Lease. *Practice, Civil,* Consumer protection case. *Motor Vehicle,* Lease agreement. *Words,* "Injury."

This court upheld a judgment in favor of the defendant rental car company in a civil action alleging that the defendant violated G. L. c. 90, § 32E ½, by failing to display the statutorily required language regarding collision damage waivers in a manner consistent with the statute, where the plaintiff had not suffered an "injury" within the meaning of G. L. c. 93A, § 9, in that he did not purchase a collision damage waiver when he rented an automobile from the defendant. [813-814] GREANEY, J., concurring, with whom SPINA, J., joined.

CIVIL ACTION commenced in the Superior Court Department on October 5, 1999.

Following review by this court, 438 Mass. 187 (2002), the case was heard by *Allan van Gestel,* J., on motions for judgment on the pleadings and for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*John Roddy* (*Elizabeth A. Ryan* with him) for the plaintiff.

*Michael A. Kahn,* of California (*M. Kay Martin,* of California, & *John H. Henn* with him) for the defendant.

The following submitted briefs for amici curiae:

*Ben Robbins & Andrew Grainger* for New England Legal Foundation.

*Stephen D. Poss & S. Jason P. Baletsa* for The Hertz Corporation & another.

COWIN, J. This is the sequel to *Roberts* v. *Enterprise Rent-A-Car Co. of Boston,* 438 Mass. 187 (2002) (*Roberts I*). In that case, we held that Enterprise Rent-A-Car Company of Boston,

Inc., did not violate G. L. c. 90, § 32E ½, by placing certain statutorily required language regarding collision damage waivers on the so-called "ticket jacket" page of its automobile rental agreements. The case was before us on direct appellate review on a report by a judge in the Superior Court to the Appeals Court of his order granting partial summary judgment for Scott Roberts on that issue. We vacated the judge's order and remanded the case for further proceedings.

While *Roberts I* was pending here, the same judge allowed a motion to consolidate another Superior Court action (Barry Hershenow & another *vs.* Enterprise Rent-A-Car Company & another) with this action, the piece of the *Roberts I* litigation that remained pending in the Superior Court while the judge's report was before us. The consolidated actions were then stayed in the trial court pending our decision. After *Roberts I* was decided, the parties filed several motions described in the margin.[1]

The judge granted Enterprise's motion for judgment on the pleadings. He ruled that there is no private right of action under G. L. c. 90, § 32E ½, and that a violation of that statute does not give rise to a private claim under G. L. c. 93A. He also denied Roberts's motion for partial summary judgment and granted Enterprise's motion for summary judgment for those reasons.[2] The judge made essentially the same rulings in the consolidated (Hershenow) action, thereby disposing of that ac-

---

[1]Roberts filed a motion for partial summary judgment, claiming that Enterprise's placement of the required language on an addendum page of its rental agreements (distinct from the "ticket jacket" page at issue in *Roberts v. Enterprise Rent-A-Car Co. of Boston*, 438 Mass. 187 (2002), during a certain time period violated G. L. c. 90, § 32E ½. Enterprise filed a motion for judgment on the pleadings, asserting that G. L. c. 90, § 32E ½, the basis of the first count in Roberts's complaint, does not provide a private right of action, and that a claim under G. L. c. 93A, the basis of the second count of the complaint, cannot be predicated on a violation of G. L. c. 90, § 32E ½. Enterprise also moved for summary judgment on the merits, contending that the placement of the required language on the addendum page did not violate G. L. c. 90, § 32E ½.

[2]The judge expressly indicated in his order that his ruling on Enterprise's summary judgment motion was "not on the merits of the motion," but instead was linked to the reasons for his ruling on the motion for judgment on the pleadings. There has been no ruling on the merits of Roberts's contention that the addendum form of the rental agreement violated G. L. c. 90, § 32E ½, and G. L. c. 93A.

tion as well. Roberts (and the plaintiffs in the Hershenow action) appealed. We transferred the cases to this court on our own motion and they were briefed and argued together here. We have since ordered that they be severed for purposes of decision. Today we decide both.

We need not resolve in this case whether the judge was correct to order judgment for Enterprise on the grounds that he did.[3] Here, as in *Hershenow* v. *Enterprise Rent-A-Car Co. of Boston, ante* 790 (2006), Enterprise argues that there is an alternative basis on which to uphold the judgment, namely, that Roberts has not suffered an "injury" within the meaning of G. L. c. 93A, § 9. We agree and affirm the judgment for Enterprise on that basis.

The "injury" requirement of G. L. c. 93A, § 9, is discussed at length in the *Hershenow* opinion, *supra* at 797-802. Roberts stands on different, even weaker, ground than the plaintiffs in the *Hershenow* case. The alleged wrong of which he complains is Enterprise's failure to display the statutorily required language regarding collision damage waivers in a manner consistent with the statute. The purpose of displaying this information prominently in the manner called for by the statute is to ensure that automobile renters are made aware of certain reasons why it might be unnecessary for them to purchase a collision damage waiver. The goal is to educate consumers who purchase collision damage waivers. Even if we assume, arguendo, that the required language was not correctly displayed in the addendum form of Enterprise's rental agreement, Roberts nevertheless has suffered no "injury" within the meaning of G. L. c. 93A, § 9, for the simple reason (undisputed on this record) that, on the only occasion he rented an automobile from Enterprise using the addendum form of the agreement, he did not purchase a col-

---

[3]In the plaintiffs' consolidated brief, Roberts does not even press his claim that there is a private right of action under G. L. c. 90, § 32E ½, and the Hershenow plaintiffs expressly concede that there is no private right of action under that statute. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975) ("The appellate court need not pass upon questions or issues not argued in the brief"). The sole remaining claim asserted by Roberts is that an alleged violation of G. L. c. 90, § 32E ½, can support a claim under G. L. c. 93A, i.e., that the absence of a private right of action in G. L. c. 90, § 32E ½, does not itself preclude a claim under G. L. c. 93A based on the violation of c. 90, § 32E ½.

lision damage waiver.[4] In other words, Roberts is claiming a G. L. c. 93A violation with respect to a product he did not even purchase. His pursuit of such claim violates the principle that G. L. c. 93A, § 9, does not "authorize purely 'vicarious suits by self-constituted private attorneys-general.' " *Leardi* v. *Brown,* 394 Mass. 151, 161 (1985), quoting *Baldassari* v. *Public Fin. Trust,* 369 Mass. 33, 46 (1975). Nothing in *Hershenow, supra* at 790; *Aspinall* v. *Phillip Morris Cos.,* 442 Mass. 381 (2004); or *Leardi* v. *Brown, supra,* requires a different result.

The judgment for Enterprise is therefore affirmed on the ground that Roberts has suffered no cognizable "injury" under G. L. c. 93A, § 9.

*So ordered.*

GREANEY, J. (concurring, with whom Spina, J., joins). I concur in the result in this case because the plaintiff did not purchase a collision damage waiver. I do not join in this opinion to the extent that it implies approval of the result and reasoning in *Hershenow* v. *Enterprise Rent-A-Car Co. of Boston, ante* 790 (2006), and I do not do so for the reasons stated in my dissent therein.

---

[4]The record contains evidence of only one rental by Roberts using the addendum form of the agreement. It is plain from the face of the document that Roberts expressly declined to purchase the collision damage waiver by initialing the box that stated "renter accepts damage responsibility." Roberts does not contend otherwise. The document also correctly reflects that Roberts was not charged for a collision damage waiver.