van Gestel, Allan, J.
This matter is before the Court, pursuant to Mass.R.Civ.P. Rule 12(b)(1) and 12(b)(6), on the motion of the defendant, BJ’s Wholesale Club, Inc. (“BJ’s”), to dismiss the plaintiffs class action complaint. Paper #7. The complaint is grounded on G.L.c. 93A, sec. 9.

BACKGROUND

At issue are the Commonwealth’s item pricing laws and regulations applicable to retail establishments. Because BJ’s sells both food and non-food items it is entangled in the application of two different kinds of regulations within each of its Massachusetts stores. See G.L.c. 94, secs. 184B-184E relating to food items and 940 CMR3.13(1)(a) relating to non-food items.[1]
The complaint is sparse in a key area of its allegations. In essence it avers in Paragraphs 16, 17 and 18 that the plaintiff and others that he purports to act for as a class representative, “have shopped at Massachusetts BJ’s stores” and “suffered legal injury through defendant’s failure” to comply with the applicable item pricing laws and regulations.
The complaint does not allege that the plaintiff purchased any products that were not properly affixed with the requisite price information or that the plaintiff or anyone he purports to represent suffered any other form of actual damages.

DISCUSSION

As the Supreme Judicial Court, when discussing its own duties regarding a motion to dismiss, has reminded this Court:
The standard of review for a motion to dismiss pursuant to Rule 12(b)(6) is well settled. We take as true “ ‘the allegations of the complaint, as well as such inferences as may be drawn therefrom in the plaintiffs favor . . .’ Blank v. Chelmsford Ob/Gyn, P.C.,’ 420 Mass. 404, 407 (1995). In evaluating the allowance of a motion to dismiss, we are guided by the principle that a complaint is sufficient ‘unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.’ Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).” Warner-Lambert Co. v. Execuquest Corp., 427 Mass. 46, 47 (1998). Although errors of law based on the facts alleged will not surmount a rule 12(b)(6) challenge, the plaintiffs burden is “relatively light.” Id., citing Gibbs Ford, Inc. v. United Truck Leasing Corp., 399 Mass. 8, 13 (1987). Under the “generous principles” governing our review Connerty v. Metropolitan Dist. Comm’n, 398 Mass. 140, 143 (1986), we summarize the facts alleged in the . . . complaint and in uncontested documents of record.
Marram v. Kobrick Offshore Funds, Ltd., 442 Mass. 43, 45 (2004).
This Court should do no less; and it has not.
In two other recent cases, with which this Court has full familiarity because of its involvement as the trial judge, the SJC has clarified and established certain legal principles that apply to claims of the nature set forth in the complaint. Those cases are Hershenow v. Enterprise Rent-A-Car Company of Boston, Inc., 445 Mass. 790 (2006) (“Hershenow”), and Roberts v. Enterprise Rent-A-Car Company of Boston, Inc., 445 Mass. 811 (2006) (“Roberts”).
In Hershenow the SJC held that
The absence of any causal connection between the deception and any loss readily distinguishes this case from Aspinall v. Philip Morris Cos., [442 Mass. 381 (2004)], our most recent consideration of the “injury” aspect of G.L.c. 93A.
Under the plaintiffs’ theory of “injury,” any consumer contract, oral or written, that -violates the requirement of law in any respect, i.e., is non-compliant with any statute, rule[,] regulation or court decision, automatically constitutes an “injury” under G.L.c. 93A (is an injury per se) entitling the plaintiff to recover statutory damages, attorneys fees, and costs, even though the plaintiff cannot demonstrate that the illegal contract (the invasion of a legally protected interest) causes any loss. There is nothing to suggest that the Legislature ever intended such a result, it is contrary to the regulation promulgated by the Attorney General . . . and this court has never sanctioned that view.
Hershenow, 445 Mass, at 801.
*2 In Roberts the SJC held
Roberts is claiming a G.L.c. 93A violation with respect to a product he did not even purchase. His pursuit of such a claim violates the principle that G.L.c. 93A, sec. 9, does not “authorize purely ‘vicarious suits by self-constituted private attorneys-general.’ ”... Nothing in Hershenow, supra, [445 Mass.] at 790 . . . requires a different result.
The judgment for Enterprise is therefore affirmed on the ground that Roberts has suffered no cognizable “injury” under G.L.c. 93A, sec. 9.
Roberts, 445 Mass. at 814.
The plaintiff here concedes that he suffered no injury or harm in the economic or personal injury sense. Indeed, he does not even argue that he ever made a purchase of anything at a BJ’s store. Instead, the plaintiff argues that the item pricing statutes and regulations are “public information” laws and the failure of BJ’s to comply therewith harms the potential consumer because he or she is not educated in the manner that the law or regulation requires.
This Court does not find the plaintiffs argument to be consistent with the holding in Hershenow. It is not enough for him to say that he was in a BJ’s store and saw items without pricing stickers on them. At a minimum the plaintiff must demonstrate that the absence of those pricing stickers caused him some injury.
As the SJC said in Hershenow at p. 798, the Legislature’s 1979 amendment to c. 93A, sec. 9 “clarified that the Legislature intended to permit recovery when an unfair or deceptive act caused a personal injury loss such as emotional distress, even if the consumer lost no ‘money’ or ‘property.’ ” What the Legislature did not do, however, was eliminate “causation” as a requirement of a successful c. 93A claim; nor did it remove the need to show some injury that was caused by the deceptive act.
The “legal injury,” that is proffered as the only injury in the complaint, is like the “per se injury” that the SJC found wanting in the absence of a caused loss. Hershenow, 445 Mass. at 798-99 and n.18. It is not enough to say that the plaintiff “is deprived of legally required information,” as the plaintiff does at p. 2 of his sur-reply brief. He must further show that that deprivation caused him some harm. As in Roberts, since the plaintiff apparently did not purchase anything he cannot show the requisite loss.

ORDER

For the foregoing reasons, the Defendant’s Motion to Dismiss Complaint, Paper #7, is ALLOWED.

It seems clear to this Court that the Attorney General and the Legislature would be wise to make an effort to clarify further the current situation so that retail establishments like BJ’s do not have one set of pricing regulations for items in one aisle where foodstuffs are sold and a wholly different set of regulations in the next aisle where non-food items are sold, or worse, in the same aisle be required to apply one set of regulations to some products and different regulations to others depending solely upon their edibility.