MacLeod-Mancuso, Bonnie H., J.
INTRODUCTION
Plaintiff, Brian D. Morrison (“Morrison”), filed this appeal pursuant to G.L.c. 249, §4 after the Town of Hopkinton Conservation Commission (“the Commission”) and the Hopkinton Department of Public Works *37 (“the Department”) approved a proposal for the construction of a wastewater treatment facility on 257 acres of town-owned land. Morrison alleges that the defendants, in their capacity as members of the Commission, and the Department (collectively, “Defendants”), violated the Town of Hopkinton’s Wetlands Protection Bylaw (“the Bylaw”) and its implementing-regulations when it approved the construction of the wastewater treatment facility. Defendants now move pursuant Mass.R.Civ.P. 12(b)(6) to dismiss Morrison’s complaint asserting that he lacks standing in bringing this appeal. For the following reasons, the Defendants’ Motion to Dismiss Plaintiffs Complaint is ALLOWED.
BACKGROUND
The Town of Hopkinton (“the Town”) owned 257 acres of land located in the Woodville section which was vacant at the time the Department applied for a permit in October 2006 to construct a wastewater treatment facility thereon. Pursuant to the Bylaw and the Wetlands Act for the installation of the plant, the Department was required to file a Notice of Intent with the Commission because a portion of the system it sought to build was within the wetland resource areas that the Commission regulated. The proposed project included plant construction, a stream crossing, the upgrade of a gravel road and grading and storm water treatment. A wetland replication area and compensatory flood storage to mitigate potential impacts were included in the Department’s design to meet the Bylaw’s standards. The Department further determined that the only disturbance to the Town’s wetlands included the conversion of a permanent roadway crossing over that of a temporary one at the site.
The Commission held several public hearings for the Department’s proposal for constructing the wastewater treatment facility. Notice was given to all interested parties for each of these hearings, which addressed both the Commission’s and abutters’ concerns with regard to the project. Several revisions were made by the Department following those hearings, and eventually, in January 2007, the Commission approved the project. It then ordered the permit to the Department to commence the wastewater treatment facility’s construction, including 85 conditions pursuant to the Bylaw and Wetlands Act with which the Department was to comply.
Based on the Commission’s approval of the wastewater treatment facility’s construction, Morrison commenced this lawsuit by filing an appeal in the nature of certiorari pursuant to G.L.c. 249, §4. Morrison resides at 22 Piazza Lane in Hopkinton; he is not an abutter, nor an'abutter to an abutter of the site where the wastewater treatment facility will be built. The Defendants now move to dismiss Morrison’s complaint for lack of standing.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to a motion to dismiss, the court must accept as true the allegation of the complaint, as well as any reasonable inferences to be drawn from them in the plaintiffs favor. Fairneny v. Savogran Co., 422 Mass. 469, 470 (1996). “[The] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The plaintiff s burden in maintaining a complaint is “relatively light.” Warner Lambert v. Execuquest Corp., 427 Mass. 46, 47 (1998), citing Gibbs Ford, Inc. v. United Truck Leasing Corp., 399 Mass. 8, 13 (1987). When conducting its investigation, the court will look at the four corners of the complaint in addition to any documents that are incorporated by reference and attached thereto. See Mmoe v. Commonwealth, 393 Mass. 617, 620 (1985); Beddall v. State Street Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998) (while ordinarily consideration of a 12(b)(6) motion must be limited to allegation in the complaint, where complaint’s factual allegations are linked and depen-dant upon a document, that document effectively merges into the pleadings and the trial court may review it in deciding the motion to dismiss).
Actions in the nature of certiorari serve “to correct errors in proceedings which are not according to the course of common law, [and] which . . . are not otherwise reviewable by motion or by appeal.” G.L.c. 249, §4. “To obtain a right of review under G.L.c. 249, §4, ‘[t]he complaining party must show, (1) a judicial or quasi judicial proceeding; (2) a lack of all other reasonably adequate remedies; and (3) a substantial injury or injustice arising from the proceeding under review.’ ” Friedman v. Conservation Comm’n of Edgartown, 62 Mass.App.Ct. 539, 542, n.5 (2004) (internal citations omitted) (emphasis added). When reviewing whether a petitioner has standing to challenge an administrative decision under G.L.c. 249, §4, the alleged injury or injustice cannot be speculative or generalized. Id. at 545. Rather, the petitioner must demonstrate that the protected legal interest he has suffered is “different in nature or magnitude from that of the general public.” Id. at 543.
Massachusetts’ courts have determined that although certain by-laws, regulations, and policies may allow petitioners to participate in the public hearing process, such an allowance does not “equate with standing to carry a challenge of the ultimate administrative decision” without more. Friedman, 62 Mass.App.Ct. at 544-45, citing Enos v. Sec’y of Environmental Affairs, 432 Mass. 132, 138 (2000). Such permission would instead confer automatic standing upon all plaintiffs with generalized grievances and “greatly expand the remedy of certiorari.” Id. at 545.
After reviewing Morrison’s complaint in the light most favorable to him, this court finds that the Defendants’ motion to dismiss must be allowed be *38 cause Morrison has failed to allege how the construction of the wastewater treatment facility will directly and significantly impact him individually. He therefore lacks standing to bring this appeal through an action for certiorari for the following reasons.
In his complaint, Morrison’s complaint alleges that the Commission’s order allowing for the construction of the wastewater treatment facility “violates numerous provisions of the [Bylaw] and its implementing regulations, and otherwise threatens the interests that the Bylaw and the Bylaw regulations seek to protect.” Complaint, ¶13. At best and on its face, this grievance is a generalized one whereby Morrison is asserting that the Commission’s order forces the Town to violate its own Bylaw. In no way does this language within Morrison’s complaint assert how such a purported violation negatively affects him, or how it infringes upon some legal right that he alone possesses. See Marashlian v. Zoning Bd. of Appeals of Newburyport, 421 Mass. 719, 721 (1996) (defining an alleged aggrievement as “some infringement of [a] legal right”). Rather, this particular language is a generalized, speculative assertion that any member of the public could make, and without more, it is insufficient to confer standing upon Morrison. See Friedman, 62 Mass.App.Ct. at 542, n.5.
Moreover, even if Morrison could show that he was an abutter to the project site — which he cannot — his claim would still fail because he has not sufficiently alleged that he has a legal and protectable interest in the property. In his opposition to Defendants’ 12(b)(6) motion, he specifically asserts that he has standing because he has lived for over 14 years “within several hundred yards of the town-owned land at issue” and that he “regularly hikes the foot-trails within [the area] to take in and enjoy natural and scenic beauty of the site.” Plaintiffs Opp., p. 3. Additionally, he states that building the wastewater treatment facility will impede his ability as a professional photographer to take pictures of the vernal pools and other wetland resources within the area. Even if this court were to accept that Morrison is an abutter to the property, or an abutter to an abutter of the property, thereby conferring a rebuttable presumption of standing upon him, see Marashlian, 421 Mass. at 721; Barvenik v. Bd. of Aldermen of Newton, 33 Mass.App.Ct. 129, 131 (1992), these alleged grievances do not, as a matter of law, rise to the level of a particularized injury to him that cannot also be imputed to members of the public generally. Accordingly, Morrison has not demonstrated to this court that he has standing to bring this action in the nature of certiorari. See Friedman, 62 Mass.App.Ct. at 545.
At the motion hearing, Morrison also relied on the recent decision in Sweenie v. Planning Bd. of Groton, 69 Mass.App.Ct. 477 (2007), to assert that he; had standing to bring this action. His reliance is misplaced. In Sweenie, the Appeals Court concluded that certain abutters in a zoning dispute had standing to challenge a town planning board’s decision granting a special permit to a gas station proprietor seeking to replace three underground storage tanks with two new ones of greater net capacity. Id. at485. The Court determined that the abutters derived standing from the town’s bylaw because the by-law language contemplated consideration of the petitioners’ fears that the project might threaten the quality of their drinking water. Id. Here, Morrison argues that he also derives standing from the Town’s Wetlands Bylaw, §206-1, which states in relevant part that the specific “wetland values” include:
protection of public or private water supply, protection of groundwater, flood control, erosion and sediment control, storm damage prevention, prevention of water pollution, fisheries, wildlife, wildlife habitat, rare species habitat, including rare plant species, and recreational values.
Morrison thus argues that by including “recreational values” in the list of protected interests contemplated within this section, he has standing to challenge the Commission’s decision in allowing the project to proceed. Moreover, he asserts that construction of the wastewater treatment facility will “directly affect and impair his enjoyment of those wetland resources, both personally and professionally” because he will no longer be able to walk along the property and photograph it as he does now.
These arguments are unpersuasive for several reasons. First, the plaintiffs in Sweenie included’ an abutter to the gas station and two abutters to his property. Id. at 478. Here, Morrison’s complaint states that his property is in “close proximity to” the proposed project site, but he is neither an abutter nor an abutter to an abutter. Second, in Sweenie, the Court noted that although the trial court judge’s overall standing determination was erroneous, her conclusion that the plaintiffs’ affidavits and depositions failed to present sufficient “credible evidence” to substantiate their fears of contamination was correct, especially when the design features of the new tanks indicated that they were superior to that of the old tanks. Id. at 484. Likewise here, Morrison’s affidavit merely states that he regularly hikes the foot-trails within the project site; and that as a part-time professional nature photographer, he will suffer harm if the property is altered in any way. As a threshold matter, this evidence is insufficient as a matter of law to show that Morrison has suffered injuries different from that of the general public. (Indeed, it is clearer that the construction of the water treatment facility will most likely benefit the members of the general public, including Morrison.)
ORDER
For the foregoing reasons, the Defendants’ Motion to Dismiss Plaintiffs Complaint for Lack of Standing is ALLOWED.