NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1101

JASBIR MANN & another[1]

vs.

JONATHAN COTTRELL & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal requires us to consider the defendants' effort to appeal from their unsuccessful petition for single justice relief from certain interlocutory orders made in the underlying Superior Court litigation. See G. L. c. 231, § 118. Because the only order properly before us -- that of a second single justice of this court (October 4, 2022 order) -- was correct as a matter of law, and an appeal on the defendants' remaining challenges is premature, we affirm the October 4, 2022 order and dismiss the remainder of the appeal.

---

[1] Rosemary Cote. Neither appellee filed a brief or otherwise participated in this appeal.

[2] Rebecca Cottrell and Michael Bernier. Michael Bernier was dismissed from the underlying action.

Background.  To put our decision in context, we summarize the legal skirmishing leading up to the defendants' petition to the single justice.

The plaintiffs bought a residential property from the defendants.  When the deal soured, the plaintiffs sued the defendants in the Superior Court for, inter alia, breach of contract.  After litigating an initial motion to dismiss for failure to state a claim, see Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974),[3] the remaining defendants, Jonathan Cottrell and Rebecca Cottrell (defendants), answered and counterclaimed against the plaintiffs, alleging defamation and unjust enrichment.

The plaintiffs filed a special motion to dismiss the counterclaim for defamation under the "anti-SLAPP statute," G. L. c. 231, § 59H, and the defendants opposed it, simultaneously filing their own motion for judgment on the pleadings.  The plaintiffs, in turn, opposed the motion for judgment on the pleadings; the defendants moved to strike that opposition as untimely.[4]

---

[3] The defendants do not challenge this ruling.

[4] The defendants contend that neither the plaintiffs' special motion to dismiss nor their opposition to the defendants' motion for judgment on the pleadings was served and filed as contemplated in Rule 9A of the Rules of the Superior Court (2018).  Given our conclusion that the appeal of these issues must be dismissed, we need not resolve those questions.

After a hearing, the motion judge allowed the plaintiffs' special motion to dismiss the defendants' counterclaim for defamation and awarded attorney's fees to the plaintiffs; she denied the defendants' remaining motion to strike the plaintiffs' opposition and motion for judgment on the pleadings.

After the judge denied the defendants' subsequent motion for reconsideration,[5] the defendants petitioned for relief from a single justice of this court. See G. L. c. 231, § 118. The single justice (first single justice) denied the defendants' petition, concluding that the defendants had failed to demonstrate that the judge erred or abused her discretion, and citing to Jet-Line Servs., Inc. v. Selectmen of Stoughton, 25 Mass. App. Ct. 645, 646 (1988).

When the first single justice denied the defendants' subsequent motion for reconsideration, the defendants filed a notice of appeal. In the October 4, 2022, order, the single justice then sitting (second single justice) dismissed the appeal on the grounds that "[t]here is no right of appeal from a single justice's denial of a petition under G. L. c. 231, § 118 (first par.)."

---

[5] The judge also denied the defendants' motion for discovery but allowed their motion to stay the award of attorney's fees pending appeal.

3

The defendants filed a notice of appeal to a panel of this court. While there is some disparity between the defendants' notice of appeal and what they argue in their briefs, we understand them to challenge the orders of the first and second single justices and the motion judge's order allowing the special motion to dismiss the defendants' defamation counterclaim. Additionally, they purport to appeal from the motion judge's orders denying their motion for judgment on the pleadings, and their motions for reconsideration, discovery, to strike an opposition, to reply to the plaintiffs' request for fees, and for a stay of proceedings.[6]

Discussion. Even assuming that the defendants properly preserved all of the arguments made in their brief, see Mass. R. A. P. 3 (c), as appearing in 481 Mass. 1603 (2019), the only challenge properly before us is to the propriety of the second single justice's October 4, 2022, order striking the defendants' notice of appeal from the earlier orders of the first single justice. This decision was correct; it is well-settled that "there is no right of appeal from the denial of a petition under

---

[6] It appears from the defendants' briefing that as to these motions, they press only a motion to stay, and only as to the fee award made by the motion judge. To the extent the defendants refer to the other rulings, they fail to support their challenge with the necessary appellate argument. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).

4

the first paragraph of [G. L. c. 231,] § 118." McMenimen v.

Passatempo, 452 Mass. 178, 189 (2008); Gibbs Ford, Inc. v.

United Truck Leasing Corp., 399 Mass. 8, 10 n.8 (1987);

Packaging Indus. Group, Inc. v. Cheney, 380 Mass. 609, 614

(1980).

The defendants' efforts to appeal from the rulings of the motion judge in the Superior Court are likewise unavailing, but on the grounds that they are premature.  Each of the challenged rulings by the motion judge was interlocutory, a fact the defendants themselves appear to acknowledge.  See Lieber v. President & Fellows of Harvard College (No. 1), 488 Mass. 1015, 1016 n.3 (2021) (denial of cross-motions for judgment on the pleadings an "interlocutory ruling"); Brum v. Dartmouth, 428 Mass. 684, 687 (1999) (same, ruling on motion to dismiss).

Their argument that the doctrine of present execution applies here to entitle them to review of those rulings is not persuasive.  Even if the judge's rulings on each motion were "collateral to the merits of the parties' dispute," as required to bring the doctrine to bear, "the ruling[s] [do] not interfere with [the defendants'] rights in a way that cannot be remedied in an appeal from a final judgment." Matter of Hamm, 487 Mass. 394, 401 (2021).  See CP 200 State, LLC v. CIEE, Inc., 488 Mass. 847, 850-851 (2022) (present execution applicable to, e.g., claims of immunity, but not, e.g., discovery order).  Cf. Fabre

5

v. Walton, 436 Mass. 517, 521-522 (2002), S.C., 441 Mass. 9 (2004) (doctrine of present execution applies to denial of special motion to dismiss because loss of protection for petitioning activity cannot be remedied on appeal from final judgment).  Where the defendants have failed to demonstrate the doctrine of present execution applies to any of the interlocutory rulings at issue here, appellate review of those rulings is premature, and the appeal must be dismissed.  See Amherst Community Tel., Inc. v. Guidera, 97 Mass. App. Ct. 904, 906 (2020).

Conclusion.  The October 4, 2022 order of the single justice is affirmed.  The appeal is otherwise dismissed, and the case is remanded to the Superior Court for resolution of the remaining claims.

So ordered.

By the Court (Wolohojian, Singh & Hand, JJ.[7]),

Joseph F. Stanton

Clerk

Entered:  July 21, 2023.

---

[7] The panelists are listed in order of seniority.

6